[980 NYS2d 266]

In the Matter of JAMES J. GORDAN (Admitted as JAMES JOSEPH GORDAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 13, 2014

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Joseph V. DiBlasi*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent has proffered an affidavit of resignation wherein he acknowledges that he is the subject of a disciplinary proceeding in which he is charged, inter alia, with misappropriating client funds and failing to advise a client that funds belonging to the client were received. He avers that he cannot successfully defend himself on the merits of the disciplinary charges pending against him, and that additional allegations of similar professional misconduct are under investigation.

The respondent further acknowledges that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his decision to submit a resignation with his attorney, and is fully aware of the implications of the same, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Judicial Department, from seeking reinstatement for at least seven years.

Finally, the respondent avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded to him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept the respondent's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and MILLER, JJ., concur.

Ordered that the resignation of James J. Gordan, admitted as James Joseph Gordan, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James J. Gordan, admitted as James Joseph Gordan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James J. Gordan, admitted as James Joseph Gordan, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James J. Gordan, admitted as James Joseph Gordan, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if James J. Gordan, admitted as James Joseph Gordan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated October 19, 2012, is *discontinued*.